Good morning, your honors. Brad Hanson on behalf of Jamin Fletcher. May it please the court. After extended deliberations and many jury questions, the jury found Jamin Fletcher guilty of distribution and receipt of child pornography. As instructed, it did not return a verdict on the charge of possession of child pornography, and it acquitted him of the charge of advertising child pornography. Mr. Fletcher's appeal raises three issues. One is with regard to a willful blindness jury instruction the district court gave over Mr. Fletcher's objection. Two is with respect to the sufficiency of the evidence, and three is to the reasonableness of the sentence. Today, I'll focus my comments, of course, subject to the court's questions on the first issue regarding the jury instruction. With respect to the sufficiency argument, I will note this. In preparation for oral argument today, I noted that Mr. Fletcher did raise a Rule 29 motion at the close of the government's case. I believe he failed to renew it after he testified. And as such, I do believe this court's review on the sufficiency question will be for plain air. But again, I'll focus today on the jury instruction issue. As I said, Mr. Fletcher objected to the district court's decision to give the willful blindness jury instruction as to knowledge. Thus, this court's review is for abuse of discretion. That's a contrast with Mr. Fletcher's case as compared to this court's decision in NOVAC, which affirmed the district court giving a similar instruction under plain air review. Mr. Fletcher argues that the instruction was inappropriate for two independent reasons. First, he argues that a willful blindness instruction is never appropriate in a 2252 child pornography case. Second, he argues that even if it is, in some cases, it was not appropriate based on the facts and circumstances of his specific case. I'll start with the first issue first. I'm relying on the Supreme Court's 1994 decision in excitement video for the argument that a willful blindness instruction is never appropriate in a child pornography prosecution. I recognize that this is inconsistent in a way with this court's decision in NOVAC. Again, that was decided on plain air review, and it does not appear that the defendant raised this particular statutory interpretation constitutional issue with this court's consideration. It's also inconsistent with the First Circuit's decision in Figueroa-Lago. But I do think the court should consider excitement video and its possible applicability in Mr. Fletcher's case. Excitement video held that the knowledge requirement under section 2252 applies to the age of the individuals who are depicted in images of child pornography. In other words, if the defendant did not know that the images involved minors, then he's not guilty of a 2252 offense. Admittedly, I was unable to find any case applying excitement video to the willful blindness instruction given in a child pornography case, but I do think it has some applicability, at least at a broad level. First, the Supreme Court's reading of section 2252 wasn't necessarily the most grammatical reading of the statute, but it found it to be the most sensible reading that the knowledge requirement applies to the age of the individuals depicted in the images. And the court's reasons for doing so apply when considering Mr. Fletcher's case. The court stressed the constitutional concerns that would apply if there were a contrary reading of 2252. There's no offense, quite like a child pornography offense, where the constitutional line is so stark. What I mean by that is images of 18-year-olds, older, that may be protected under the First Amendment, whereas images of minors are not. It's a serious federal criminal offense. So that First Amendment concern certainly informed the court in excitement video, and I think it could inform this court in evaluating the variety of the willful blindness instruction in this case. The court in excitement video also stressed the legislative history for 2252. Also, I believe this is relevant here. The court cited legislative history where legislators talked about their intent for 2252 to apply only to the conscious and intentional involvement with child pornography. And respectfully, a willful blindness instruction doesn't get to conscious and intentional involvement. It's an instruction that you can infer knowledge based on conscious and intentional avoidance of facts that might give you a cause to believe that you're involved with child pornography, but there is a distinction there. In that respect, I do... What's the distinction? If the element is knowledge and willful blindness says you can prove knowledge in a certain way, what's the distinction? If the person's willfully blind, then he had knowledge, and you're saying excitement video says the element is knowledge. There's certainly case law suggesting, and this court's pattern jury instruction suggests that willful blindness equals actual knowledge. I don't think it does, because willful blindness is an intentional avoidance of facts that might give you knowledge. It's not actual knowledge. It's somewhere, in my view, between recklessness and actual knowledge. I acknowledge that is not something that the court's model jury instruction would support, and there's certainly case law equating actual knowledge to willful blindness. But I do think there is a... That would be a major concept. I would mean whenever the element of the crime is knowledge, you can't use a willful blindness instruction. And my point is... That would knock out willful blindness instructions altogether, really. There is no standard in the law between recklessness and knowledge. And I'm not trying to do that, Your Honor. What I'm trying to suggest is that excitement video suggests that the Supreme Court sees the knowledge requirement for a child pornography offense in a little bit of a different light. So I'll give the example of drug cases. Go ahead. I'm sorry. Oftentimes we see this with drug couriers who assert that they didn't have knowledge of the precise quantity of the drugs that they had, or even the precise drug that they had. But this court's case law would suggest that that is not an element of the offense, and it's not an element of knowledge that the government is required to prove for conviction under Title 21. Here with excitement video, the Supreme Court is saying that the government does have to prove actual knowledge of the nature of the illegal material that the defendant was involved with. So I know there's not a textual basis for distinguishing knowledge in one statute compared to knowledge in Section 2252. I'm just pointing to excitement video as an instance in which the Supreme Court has acknowledged that it wasn't offering the most grammatical reading of the knowledge requirement in that statute, but it went with the reading anyway because of the concerns outlined by the court. The court also, in excitement video, noted the severity of penalties for child pornography offenses, and that concern applies with more force today because since 1994, the penalties for child pornography offenses, both statutory and based on the guidelines, are more severe. So again, I know of no case applying excitement video to a willful blindness instruction in this context, but I do think, at least at a broad level, the court should consider that in considering Mr. Fletcher's objection to the particular instruction. Now as to the facts of this case, even if the court disagrees with me with regard to the applicability of excitement video, we are asking the court to conclude that the based on the facts and circumstances of Mr. Fletcher's case, this really was a case where the question was, did Mr. Fletcher have actual knowledge of the child pornography with which he was involved, or no knowledge at all? And this court has said that when that is the dichotomy, a willful blindness instruction is not appropriate. What if we concluded that the evidence supported the instruction for the receipt offense but not the distribution offense? That's a distinction I imagine the court considering. So what would we do if we came to that conclusion? You would reverse and remand for vacating the distribution count. Candidly, I do think the sentences were concurrent, so I don't think I can argue for a full resentencing, but if that's the court's conclusion, I do anticipate that's the remedy. With respect to the particular facts and circumstances of Mr. Fletcher's case, again, the dichotomy was between did he have actual knowledge or no knowledge at all. And it came down essentially to whether the jury believed the admissions, the very damaging admissions, admittedly, that Mr. Fletcher made in his interview with law enforcement where he admitted to actual knowledge of his involvement with child pornography. Or did the jury rather believe his testimony where he backed away from that, asserted he had no knowledge, and tried to explain himself with regard to the admissions he made to the officer who was executing the search warrant. He explained he had essentially no criminal history, no involvement with law enforcement in the past. He felt coerced. He felt pressured. And thus he made admissions that were not true. Again, when it's actual knowledge versus no knowledge, this court has said that a willful blindness instruction is not appropriate. It wasn't appropriate based on the facts in this case. Now if the court finds that the district court erred with respect to giving the willful blindness instruction, this court should not find that the error was harmless for a few reasons. Before you get into the harmlessness, on your dichotomy point, wasn't there also some evidence that he claimed somewhere that he was downloading other types of pornography? That's true, Your Honor. Didn't realize that this large amount of child pornography had come with it? I think he was still making the point that he had no knowledge and wasn't admitting to the fact that there was child pornography in there. But you're right, there was evidence, and he testified to the fact that he was a mass downloader of adult pornography. Well, would that mass downloader concept support a willful blindness instruction? If you're downloading massive amounts of pornography from places that could well have child pornography. I think if that would have been the government's theory in this case, you may be right, Your Honor. But the government really stressed the actual knowledge and the admissions that Mr. Fletcher made. Right, I understand. But maybe this was a backup theory. If you don't believe our actual knowledge case, at a minimum, he was willfully blind. I don't think the case law gives the government freedom to have that backup theory when it wasn't a backup theory on which they relied in their closing argument. What case says a backup theory at the end of the defense evidence cannot justify this instruction? I think it comes down to the court's case law that if it's actual knowledge or no knowledge, then you can't give a willful blindness instruction. Well, but the government at the instruction conference says, based on the defense testimony, which we didn't anticipate or we don't believe or whatever we disagree with, all it would show is the necessity of a willful blindness instruction. Abuse of discretion standard, how can we say, well, you're too late to argue that? The court would abuse his discretion by allowing that 11th hour change for an alternate position. I understand what the court's saying. I have to acknowledge, of course, that there was evidence of mass downloading, and that could in some cases I thought it was worse. I thought from the government's brief, he continued to mass download after he discovered and deleted some child pornography files. I think that's right, Your Honor. Okay. So it's more than just this was a huge bath with a little bit of bad bath water. A huge bath with actual knowledge, in fact, of child pornography, I believe was the government's theory. And that's why. Sure, that was their approach to the case. Right. Okay. As I was saying, the error was not harmless because of the extended jury deliberations that we saw, because of the many questions that the jury asked of the court, including a question regarding the knowledge requirement for distribution. The fact that the jury returned a mixed verdict, I think, also supports the fact that this was a close case and this instruction had an impact. And the lack of evidence regarding distribution that was found in the forensic examination, knowing distribution was found in the forensic examination, the lack of finding the images that Mr. Fletcher allegedly distributed to the law enforcement officer, I think also bodes well for Mr. Fletcher's argument that this was not harmless. Unless the court has any other questions, I reserve the remainder of my time for rebuttal. Thank you. Thank you. Ms. Sedman? Good morning. May it please the court? Shelley Sedman on behalf of the government. It was not an abuse of discretion for the district court to instruct the model jury instruction on willful blindness based on and in review of all the evidence presented at trial. Mr. Fletcher's first argument regarding the willful blindness instruction relies on the excitement video ruling for the scienter requirement. But in review of jury instructions 10 and 11, the district court conformed with the requirement of the scienter requirement. Excitement video is not a case that deals with jury instructions, and the government submits that there's no categorical bar based on that case in child pornography-related cases. The whole purpose of the willful blindness instruction is to infer knowledge in situations where the evidence presents that a willful blindness instruction would be applied. If the court was to look at Mr. Fletcher's argument as to not being able to use the willful blindness instruction based on knowledge on child pornography cases, how then does it not apply to drug cases or gun cases where knowledge is required in both of those, and drug guidelines have heavy penalties just as child pornography penalties do? This court has already looked at this issue, as Mr. Hansen said, in NOVAC. And the facts in Fletcher and NOVAC are really not that different. And the Eighth Circuit has upheld that. The willful blindness instruction is appropriate in child pornography cases if the evidence warrants it. Mr. Fletcher's second argument is whether or not the willful blindness instruction was appropriate based on the evidence. The government's theory absolutely was knowledge, but the government disagrees that Fletcher's argument was no knowledge. The government submits that Mr. Fletcher's argument was no knowledge despite strong evidence to the contrary. And it's already been addressed here, but Mr. Fletcher was put on notice of facts. He testified that, I downloaded child pornography. I knew it was child pornography when I looked at it. I knew that it was LS models because it was written on the image. I looked at a few more, and then I deleted them. So at that point, he was on notice. But Mr. Fletcher failed to investigate further. He deliberately avoided and continued to batch download. He continued to batch download according to his testimony at trial from the same source, using the same search terms, getting results from those search terms, clicking on those search terms, then downloading to his shared folder, which then in turn shares those images back to peers on the BitTorrent network. Then, after taking those images from the shared folder and saving them somewhere further down in his computer, all of this information, he was on notice at that point that his behavior, that he had downloaded child pornography based on those search terms. And so for those reasons, the government would argue that the district court was correctly, was correct in instructing the jury on willful blindness. The district court said, Mr. Fletcher knew he had received child pornography. And what did he do after that? Continued the same conduct, the same behaviors. And that's his testimony at trial. The government next submits to you that there's alternate theories in this case, and that the government's theory was actual knowledge, as it is in most of the time. But upon hearing the opening statements of Mr. Fletcher, hearing the testimony of Mr. Fletcher was completely new and different than his statement that he made to Special Agent Largent at the time of the search warrant. It seems to me that addresses the receipt offense. What warranted the willful blindness on the distribution? Again, if it's the receipt, Your Honor, that he's being willfully blind to, continuing to search in that same source using those same search terms. Once he clicks on those files to then go to his shared folder, once those items are in his shared folder, they're then being shared. So the distribution offense was just based on the shared folder, knowing participation in the shared folder? On a peer-to-peer network. Yeah, a peer file. Yes. There wasn't any additional knowing distribution? Well, Mr. Fletcher was very knowledgeable in computers. He was knowledgeable that he had a shared folder, a shared program. He knew that this information went to a shared folder. It wasn't like sending particular images around to particular people. That is correct, Your Honor. That's not the case. In regards to the alternate theories, the government did ask for the jury instruction after the close of evidence. Based on the testimony of Mr. Fletcher, as I believe I've stated, his testimony was inconsistent with his statement that he made to Special Agent Larson, and, quite frankly, it was implausible with the other facts of the case. But this is a jury trial, and so the alternate theory of willful blindness was supported by, if the jury wasn't inclined to believe that Mr. Fletcher was coerced, if they were to believe Mr. Fletcher's story during the jury trial, then his story supported the willful blindness instructions. And so, therefore, I do believe the government is allowed to ask for a jury instruction based on all of the evidence, not just what the government's evidence is. And the court, based on all of the evidence and review of all of the evidence, did find that the willful blindness instruction was permissible in this case. Mr. Fletcher wants this court to disregard the harmless error argument. If, for some reason, this court finds that this district court shouldn't have instructed on willful blindness, the government submits that it was harmless error, because there was an overwhelming amount of evidence on knowledge. If you look at the evidence of this case, it was a BitTorrent case. It was a peer-to-peer program. The search terms that Mr. Fletcher admitted to was LS models, which is a specific category of tarpanography, naturalist, nudist. He would use these search terms. He would get results. He would look at those results, click on the results that he wanted, and then they would be downloaded to his shared folder. He searched for it. He downloaded it. He accessed it. He viewed it. He shared it. He saved it. And then, at some point, he deleted it. But then, also on his testimony, he admitted that, yeah, I went through this cycle of feeling bad about having pornography, so I would delete it all. But then, after saying he knew that he had downloaded child pornography and deleted it, he found a program that brought all of those files back. So Mr. Fletcher also testified, I knew that when you delete something, it's really not deleted, which is more than what the average user would know. But then he found a program that brought all of those files in unallocated space back, which includes the child pornography that he deleted, which is also consistent with the different dates associated with the images of child pornography that were found in the allocated space. In addition to his statements, in addition to him saying that he searched for L.S. models, especially Jim Blackmore downloaded L.S. models from Mr. Fletcher's IP address on the BitTorrent peer-to-peer filing server, the forensics found L.S. models on the desktop, L.S. models on the laptop, the directory, the torrent directory. There were files consistent with child pornography terms located. On the VLC player, the video player, which is the last access files, had files consistent with child pornography terms. There was CCleaner ran hundreds of times, which obviously deletes files. He knew files weren't really deleted. So all of those things weren't a harmless error determination if for some reason the court views that the jury instruction was not appropriate in this case. One other thing I'd like to talk about is that it was mentioned to you a couple of times that the jurors ask questions. So I'd like to talk about that just briefly. The government submits that there was no real confusion. The jurors did ask a lot of questions. They asked seven. But if you actually review what the jury instructions were, the first jury instruction was, can we have the definition of notice and advertisement? The second question was, what time are we leaving and what time do we come back? The third question was, do we all have to agree on the same image for jury instruction 10, 11, and 12? Jury instruction number four talks about the knowledge that Mr. Fletcher talked about. But what the jury asked was, does Mr. Fletcher have to have knowledge of files being transferred from his computer? And the district court responded, Mr. Fletcher has to have knowledge that images were on his shared folder and knowledge that others could access the images from the shared folder. Again, the district court focused on knowledge. The fifth question was, when do we reconvene if we don't decide today? The sixth question was, can we use a computer? And the seventh question was, again, the definition of notice and advertisement. So, the government submits that. Number one, the notice and advertisement dismissal or finding of not guilty, in no way relates to the other findings of guilty because they wanted more information. They wanted to know what those terms mean and the district court didn't provide them. So if anything, the jurors did the right thing. They looked at the evidence, they looked at the jury instructions and they did their best to determine whether or not, based on that information, they could find Mr. Fletcher guilty or not guilty and they did not get the information that they wanted, they found him not guilty. And if you look at the jurors' methodology, based on the question is, they started with count one, they didn't get the answer to their question, so they went to the other counts and then they came back to count one. So, and I just, in Hernandez-Mendoza, the courts has said, jurors are well equipped to analyze the evidence. The court, the jury, in this case, analyzed the evidence and based on the evidence and the jury instructions provided to them, they found Mr. Fletcher not guilty of advertisement and found Mr. Fletcher guilty of distribution and receipt. If the court doesn't have any other questions for me. Very good. Thank you. Thank you. We've got some time, Mr. Hanson. Your Honors, I want to talk about a point that Judge Loken raised with respect to the distribution count and the willful blindness instruction. There is something especially odd about a willful blindness instruction with respect to a distribution count. Clearly, the government's theory as to distribution was absolutely actual knowledge. Ms. Sudman talked about the fact that Mr. Fletcher was an expert in computers. He knew that putting something in a shared folder meant that it was accessible to others and thus could be distributed. And respectfully, I think the court's answer to the jury question about the knowledge requirement for distribution confused the issue even further. The court's response was there has to be actual knowledge. So that left the jury with the dichotomy of deciding, well, we have this jury instruction regarding willful blindness. We also have the judge's response to our question about the knowledge requirement. What actually applies? So to be clear, our argument with the willful blindness instruction applies to both of the counts of conviction, but I agree that it seems to have more force with respect to the distribution count. Unless the court has any questions, I'd ask the court to reverse Mr. Fletcher's conviction or remand for a new trial or remand for resentencing. Thank you. Thank you, counsel. The case has been very well briefed and argued and we will take it under advisement.